IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-51 |
| | ) | (Phillips / Shirley) |
| LASHONDA HALL, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court upon Defendant Lashonda Hall's Motion to Dismiss Counts 2, 3, 4 & 15 of Superseding Indictment [Doc. 128]. This Court conducted a hearing on the merits of this motion November 26, 2007. Defendant Lashonda Hall was present at the hearing with her attorney, Mike Whalen. The government was represented by Assistant United States Attorneys David Jennings and Tracee Plowell. The parties did not request leave to file post-hearing briefs, relying upon the record established through the pretrial motion and response together with the argument of counsel presented at the hearing. Accordingly, the Court took this matter under advisement November 27, 2007.

**1. Background**

Hall moves to dismiss four counts of the Superseding Indictment filed in this case on July 10, 2007. [Doc. 128] The facts that gave rise to this motion are largely undisputed as follows. On May 3, 2007, law enforcement agents executed a search warrant at 3916 Deerfield Road in

Knoxville. Hall was arrested at that location and charged by criminal complaint in a five kilogram cocaine conspiracy, as were several others. [3:07-MJ-1048, Doc. 1]. At the time of her initial appearance, Hall entered a plea of not guilty to the charge and the Court scheduled preliminary hearing for May 8, 2007, at 1:00 p.m.. However, on the morning of May 8, 2007, a grand jury sitting in Greeneville issued an indictment charging Hall and 11 others in a conspiracy to distribute five kilograms of cocaine and 50 grams of crack cocaine, [Doc. 8], and no preliminary hearing was conducted. [Doc. 6] and [Doc. 7]. Hall entered a plea of not guilty to the charge in the indictment. [Doc. 17]

On June 26, 2007, all parties were present for a hearing on motions to extend the motion deadline, continue the trial date and to declare the case unusual and complex. During those proceedings, AUSA Jennings reported that the United States would be seeking a superseding indictment on July 10, 2007, adding more charges and more defendants to the case. AUSA Jennings invited any defendants who were considering efforts to reach a plea agreement with the prosecution to do so before the anticipated superseding indictment. Evidently, some discussion was had between the government and Attorney Whalen with respect to the proposed terms of a hypothetical plea agreement. The parties did not reach an agreement, however, and Hall was included in the Superseding Indictment [Doc. 106]. In the Superseding Indictment, Hall is now charged as follows:

>Count One: Conspiracy to possess and distribute five kilograms of cocaine and 50 grams of crack cocaine.
>
>Count Two: Possession of a firearm in furtherance of the drug conspiracy.
>
>Count Three: Possession of marijuana for distribution.
>
>Count Four: Possession of a firearm in furtherance of the marijuana distribution.

<u>Count Fifteen</u>: Money laundering.

[Doc. 106].

On July 20, 2007, Hall entered a plea of not guilty as to each count of the Superseding Indictment. [Doc. 119]. On July 30, 2007, Hall filed the instant motion to dismiss aimed at the additional charges lodged against her in the Superseding Indictment. [Doc. 128].

## **2. Defendant's Position**

Hall argues that the government's decision to bring counts 2, 3, 4 and 15 ("additional counts") violated her right to Due Process of law, as guaranteed by the Fifth Amendment, because it arose from actual prosecutorial vindictiveness. [Doc. 128 at 2]. Hall argues that, given the development of the investigation outlined in the affidavit in support of the original criminal complaint, the United States had a complete picture of Hall's alleged involvement in the criminal conspiracy from the time she was arrested on May 3, 2007. Hall argues that her persistence in a plea of not guilty throughout the proceedings has prompted the government to increase her exposure to potential imprisonment exponentially in the Superseding Indictment. The Superseding Indictment adds two gun charges (Hall was not charged with a gun previously); a new marijuana drug charge; and a money laundering allegation, all greatly increasing the possible sentence Hall faces should she be convicted. Hall asserts that the government added these charges in direct retaliation for her refusal to enter into a plea agreement before July 10, 2007.

Because the additional charges were lodged in response to her decision to persist in her plea of not guilty, Hall argues that the enhanced charges are a direct and unjustifiable penalty for the exercise of a constitutional right. [Doc. 128 at 2-3]. Hall argues therefore, any presumption that an

3

increase in charges was merely a lawful exercise of discretion is rebutted and the government should be required to state any lawful reasons for the increased charges, if it is able to do so. Hall asks the Court to conduct a hearing to assess the merit of the proposed reasons, in the context of the exercised right. If the government cannot provide such reasons, or the Court finds they are not sufficient, the Court must dismiss the additional counts.

### 3. Government's Position

The United States has responded in vigorous opposition to Hall's motion at [Doc. 187], filed August 24, 2007. The government agrees that Hall's insistence on her plea of not guilty is the exercise of a protected right. The United States argues that it was nonetheless within the appropriate exercise of prosecutorial discretion to bring additional charges in the superseding indictment. The government argues that it is not prosecutorial vindictiveness for the prosecution to seek a superseding indictment with additional charges after failure of the plea bargaining process. The government asserts that in Hall's case, not only were plea negotiations unproductive, the investigation into the parameters of the alleged conspiracy was ongoing. The government response draws the Court's attention to its announcement at an earlier court date that the United States would be seeking a superseding indictment on July 10, 2007, and that all plea negotiations should be well underway by that date. The government argues that because Hall has failed to make a prime facie showing of prosecutorial vindictiveness, she is not entitled to relief, to include further hearing as to the justification and reasons underlying the increased charges.

4

## 4. Analysis

The United States Supreme Court has held that "for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is 'patently unconstitutional.'" Bordenkircher v. Hayes, 434 U.S. 357, 363 (quoting Chaffin v. Stynchcombe, 412 U.S. 17, 32-33, n. 20 (1973). "To punish a person because he has done what the law plainly allows him to do is a due process violation 'of the most basic sort.'" United States v. Goodwin, 457 U.S. 368, 372 (1982)(quoting Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978)). Due Process "prohibits an individual from being punished for exercising a protected statutory or constitutional right." United States v. Poole, 407 F.3d 767, 774 (6th Cir.2005) (citing United States v. Goodwin, 457 U.S. 368, 372 (1982)). But "the Due Process Clause is not offended by all possibilities of increased punishment ..., [ ] only by those that pose a realistic likelihood of vindictiveness." Blackledge v. Perry, 417 U.S. 21, 27 (1974) (quotation marks omitted). A defendant alleging prosecutorial vindictiveness must show either "actual vindictiveness" or a "realistic likelihood of vindictiveness." United States v. Suarez, 263 F.3d 468, 479 (6th Cir. 2001); United States v. Dupree, 323 F.3d 480, 489 (6th Cir.2003).

*Actual Vindictiveness*

Actual vindictiveness is demonstrated by objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights. In Suarez, supra, the Sixth Circuit set forth the controlling methodology for a showing of actual prosecutorial vindictiveness; a defendant must show:

> (1) exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness of the prosecutor's conduct; (4) the intent to punish the defendant for exercise of the

5

> protected right....prosecutorial vindictiveness can potentially be found in the pre-trial addition of charges following pre-trial assertions of protected rights. However, if the charges are brought simply as the result of failure of the plea bargaining process, they are not vindictive
>
> Suarez, 263 F.3d at 479 (citing United States v. Andrews, 633 F.2d 449 (6th Cir. 1980)(en banc))

In Suarez, the defendant chose not to accept a plea bargain and instead chose to assert his right to trial and related his intent to file a motion to suppress an incriminating statement. The prosecutor then secured a superseding indictment with significant additional charges. The Sixth Circuit observed and held that the failure to reach a plea bargain is not enough to provide evidence of an improper motive on the part of the prosecution. Suarez, 263 F.3d at 479.

Similarly, in United States v. Dupree, 323 F.3d 480, 489 (6th Cir.2003) the Sixth Circuit rejected a claim of actual prosecutorial vindictiveness where Dupree asserted that he was charged and convicted of a 18 U.S.C. § 924(c) firearms count after the § 924(c) charge was dropped against that co-defendant. Dupree argued that because he elected to proceed to trial (unlike the co-defendant) the government maintained that count.

In assessing the import of the actions of the prosecutor in both Suarez and Dupree, the Sixth Circuit relied heavily upon Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978), in which the Supreme Court recognized that "in the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." Moreover, with regard to the prosecutor's "stake" in avoiding a trial, the Court "has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forego his right to plead not guilty." Bordenkircher, 434 U.S. at 364.

In Bordenkircher, the Supreme Court held that there was no Due Process violation where, as is alleged to have occurred here, the prosecutor re-indicted the defendant on more serious charges in response to the defendant's decision not to plead guilty. The prosecutor in that case admitted he had made this threat during plea negotiations, and the defendant's conviction on the more severe charge resulted in a mandatory life sentence. Bordenkircher, 434 U.S. at 358-61. Later, the Sixth Circuit summarized Bordenkircher as holding "that actual retaliatory behavior is acceptable, at least in the plea bargaining context." United States v. Andrews, 633 F.2d 449, 456 (6th Cir.1980). Similarly, in United States v. Suarez, 263 F.3d 468, 479 (6th Cir. 2001) the Sixth Circuit held that "prosecutorial vindictiveness can potentially be found in the pre-trial addition of charges following pre-trial assertions of protected rights. However, if the charges are brought simply as the result of failure of the plea bargaining process, they are not vindictive." Accord, United States v. Poole, 407 F.3d 767, 774 - 776 (6th Cir.2005) (where superseding indictment added two more serious new charges after hung jury on single original count, the timing of the superseding indictment "does not compel the conclusion that a change in the indictment was a product of vindictiveness, [but] it does make the possibility more likely than would a change at a pretrial stage.")

The Court finds there has been no showing of actual prosecutorial vindictiveness in this case, even assuming as if proven Hall's argument that the government sought the superseding indictment in retaliation for her persistence in a plea of not guilty.

*Realistic Likelihood of Vindictiveness*

Short of a demonstration of actual vindictiveness in a given case, the actions of a prosecutor may be subject to review where there exists a realistic likelihood of vindictiveness, also referred to as a presumption of prosecutorial vindictiveness. In this case, such presumption does not apply, as the defendant tacitly agrees in her motion. [Doc. 128 at 2]. Because the motive of a prosecutor in

7

the context of a punitive undertaking is difficult to assess, the Supreme Court "has found it necessary to presume an improper vindictive motive" in certain situations where a reasonable likelihood of vindictiveness exists. Goodwin, 457 U.S. at 373. "The realistic-likelihood-of-vindictiveness standard examines the prosecutor's stake in deterring the exercise of a protected right and the unreasonableness of his actions." United States v. Roach, 502 F.3d 425, 443 (6th Cir. 2007)(citations omitted). If a defendant demonstrates a reasonable likelihood of vindictiveness, the government may rebut the presumption by providing "objective information in the record to justify the increased sentence or additional charges." Roach, 502 F.3d at 444.

"The imposition of punishment is the very purpose of virtually all criminal proceedings. The presence of a punitive motivation, therefore, does not provide an adequate basis for distinguishing governmental action that is fully justified as a legitimate response to perceived criminal conduct from governmental action that is an impermissible response to noncriminal, protected activity." Goodwin, 457 U.S. at 372-373.

A decision to increase criminal charges before trial is not a situation where "a reasonable likelihood of vindictiveness exists" meriting the presumption of an improper vindictive motive. See Goodwin, 457 U.S. at 373. Finding this to be so, the United States Supreme Court concluded that the "possibility that a prosecutor would respond to a defendant's pretrial demand for a jury trial by bringing charges not in the public interest that could be explained only as a penalty imposed on the defendant is so *unlikely* that a presumption of vindictiveness is certainly not warranted. Bordenkircher, 434 U.S. at 2494 [emphasis in original].

In the instant case, a presumption of vindictiveness is not warranted as the Court finds Hall has not demonstrated a reasonable likelihood of impermissible vindictiveness in the government's decision to seek additional charges from the grand jury under these circumstances.[1]

### 5. Conclusion

Finding no actual prosecutorial vindictiveness and no circumstances which would raise a reasonable likelihood of vindictiveness, it is the Court's recommendation that Lashonda Hall's Motion to Dismiss Counts 2, 3, 4 & 15 of Superseding Indictment **[Doc. 128]** be **DENIED**.[2]

Respectfully submitted,

　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge

---

[1] Because no presumption has been raised, it is not necessary for the Court to hear any objective reasons from the government in rebuttal.

[2] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see also Thomas v. Arn, 474 U.S. 140 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).