# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:07-cr-51 (Phillips/Shirley) |
| LASHONDA HALL, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On December 20, 2007, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed a nine-page report and recommendation ("R&R") [Doc. 238] in which he recommended that defendant Lashonda Hall's motion to dismiss counts 2, 3, 4 & 15 of superseding indictment [Doc. 128] be denied.

This matter is presently before the court on defendant's timely objections to the R&R [Doc. 243]. As required by 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b)(3), the court has undertaken a *de novo* review of the R&R, defendant having objected to the R&R in its entirety. For the reasons that follow, defendant's objections will be **OVERRULED**. Accordingly, the R&R will be **ACCEPTED**, whereby defendant's motion to dismiss will be **DENIED**.

## *Background*

In her motion to dismiss, defendant argues that counts two, three, four, and fifteen of the superseding indictment should be dismissed due to prosecutorial vindictiveness. In support of this

-1-

argument, defendant states that after engaging in discovery with the government, the parties entered into plea negotiations. During this time, Assistant United States Attorney ("AUSA") David Jennings allegedly informed counsel that additional charges would be brought against defendant if a guilty plea were not entered. After these negotiations failed, the grand jury issued a superseding indictment, charging defendant with four additional counts. Defendant argues that these counts were added in retaliation to her exercise of her right to plead not guilty, a violation of her rights to due process.

In opposition, the government argues that the decision to bring the superseding indictment was within the exercise of its prosecutorial discretion. The government further argues that it did not charge defendant with these four counts at the time of the original indictment because the investigation was ongoing.

## *Analysis*

As Judge Shirley noted, "Due process 'prohibits an individual from being punished for exercising a protected statutory or constitutional right.' " *United States v. Roach*, 502 F.3d 425, 443 (6th Cir. 2007) (quoting *United States v. Poole*, 407 F.3d 767, 774 (6th Cir. 2005)). There are two methods of proving such prosecutorial vindictiveness. First, a defendant may prove "actual vindictiveness" by "producing 'objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights.' " *Poole*, 407 F.3d at 774 (quoting *United States v. Dupree*, 323 F.3d 480, 489 (6th Cir. 2003); *accord Roach*, 502 F.3d at 443; *Bragan v. Poindexter*, 249 F.3d 476, 481 (6th Cir. 2001). Such a showing, "however, is exceedingly difficult to make." *Bragan*, 249 F.3d at 481. Where such objective evidence is lacking, the defendant may alternatively

establish that there existed "a reasonable likelihood of vindictiveness" for the prosecutor's action. *Id.*; *accord Roach*, 502 F.3d at 443; *Poole*, 407 F.3d at 774; *Dupree*, 323 F.3d at 489. If the defendant is able to demonstrate a reasonable likelihood of vindictiveness, then—and only then—may the court presume an improper vindictive motive. *Bragan*, 249 F.3d at 482. To demonstrate a reasonable likelihood of vindictiveness, the defendant must establish that "(1) the prosecutor has 'some stake' in deterring the [defendant's] exercise of his rights and (2) the prosecutor's conduct was somehow 'unreasonable.'" *Id.*; *accord Roach*, 502 F.3d at 443; *Poole*, 407 F.3d at 774; *Dupree*, 323 F.3d at 489. If the defendant successfully demonstrates a reasonable likelihood of vindictiveness, the burden shifts to the government to disprove it or justify the challenged state action. *Bragan*, 249 F.3d at 482.

Defendant argues that actual vindictiveness has occurred here. In her motion to dismiss, however, defendant points to no objective evidence. Rather, after having discussed case law, defendant simply makes the conclusory statement that the counts were "added solely because Defendant notified A.U.S.A. Jennings that she would be pleading not guilty." [Doc. 128, at 4]. Defendant's objection to the R&R similarly does not provide the court with any such direct evidence. Rather, in her objection, defendant disputes the ongoing nature of the investigation because "no new information about this ... was provided to the defense." [Doc. 243, at 1]. Indeed, defendant concedes that she "must *assume* that the government had all the information necessary to bring the added charges ... at the time of the original indictment." [Doc. 243, at 1 (emphasis added)]. Such an assumption, however, is insufficient to demonstrate actual vindictiveness.

Because defendant has produced no objective evidence that the government acted to punish defendant for exercising her legal right to plead not guilty, defendant must demonstrate

circumstantially a reasonable likelihood of vindictiveness on the part of the prosecution. Where the alleged vindictive action, however, is the bringing of additional charges after failed plea negotiations, the Sixth Circuit "has consistently indicated that ... an additional charge entered after a failed plea bargain cannot ... form the substance of a viable vindictive prosecution claim." *United States v. Dejohn*, 368 F.3d 533, 545 (6th Cir. 2004) (citing *United States v. Walls*, 293 F.3d 959, 970 (6th Cir. 2002); *United States v. Suarez*, 263 F.3d 468, 479-80 (6th Cir. 2001); *United States v. Andrews*, 633 F.2d 449, 456 (6th Cir. 1980) (en banc)). Accordingly, defendant's claim must fail.

For example, in *United States v. Wells*, the defendant argued that he was the victim of prosecutorial vindictiveness because "the sole purpose [of the superseding indictment] was to impose drastic penalties on him and because it was not the result of new information acquired subsequent to the original indictment." *United States v. Wells*, 211 F.3d 988, 1001-02 (6th Cir. 2000). The Sixth Circuit rejected these arguments because the defendant had not proven that the prosecuting attorney had a stake in the defendant's prosecution or that the prosecutor acted unreasonably. *Id.* at 1002.

Similarly, here defendant has shown no personal stake of AUSA Jennings or any other attorney for the government in defendant's prosecution. Nor has defendant demonstrated that the government has acted unreasonably, as "the mere presence of a superseding indictment bringing additional charges is not sufficient to be presumptively unreasonable." *Suarez*, 263 F.3d at 480. Further, it is not unreasonable where, as alleged here, the government threatened the bringing of additional charges during the plea negotiations, as "this is a permissible form of plea bargaining, if the additional charges are supported by probable cause." *Id.* Indeed, because our legal system tolerates and even encourages plea bargaining, "[i]t follows that ... [it is] necessarily accepted as

constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty." *Bordenkircher v. Hayes*, 434 U.S. 357; 364 (1978).

Indeed, defendant concedes in her motion that a presumption of vindictiveness does not appear to apply here. [Doc. 128, at 2]. In sum, therefore, defendant has neither offered direct, objective evidence indicating actual vindictiveness motivated the bringing of the superseding indictment nor demonstrated a reasonable likelihood of vindictiveness that would permit this court to presume improper motivation. Accordingly, defendant's objections [Doc. 243] are **OVERRULED**, the R&R [Doc. 238] **ACCEPTED**, and the motion to dismiss counts 2, 3, 4 & 15 of superseding indictment [Doc. 128] **DENIED**.

**IT IS SO ORDERED**.

**ENTER:**

s/ Thomas W. Phillips
United States District Judge