UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-51 |
| | ) | (VARLAN/SHIRLEY) |
| LASHONDA HALL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

The parties appeared before the undersigned on October 26, 2009, for a hearing to on defense counsel's Motion to Withdraw as Counsel of Record [Doc. 591], which was referred [Doc. 598] to the undersigned on October 15, 2009. Assistant United States Attorneys David C. Jennings and Alexandra Hui appeared on behalf of the Government. Attorney Robert L. Vogel was present, along with the Defendant. Mr. Vogel has moved the Court to appoint substitute counsel for the Defendant, contending that he has a conflict. In his motion, he states that following Defendant Hall's trial, he learned that his representation of Defendant Hall is directly adverse to that of another client, whom he has represented longer. Accordingly, Mr. Vogel seeks to end his representation of Defendant Hall.

At the hearing, Mr. Vogel stated that he had explained the conflict to the Defendant and that she did not oppose his motion. Defendant Hall confirmed that she had no objection to Mr. Vogel's withdrawal and the appointment of new counsel. The Government also did not object.

1

The Sixth Amendment right to counsel encompasses the right to have an attorney who does not have a conflict arising from simultaneous representation of clients with conflicting interests. See Glasser v. United States, 315 U.S. 60, 70 (1942), superceded by stat. on other gnds as rec. in Bourjaily v. U.S., 483 U.S. 171, 172 (1987). Although the Court "must recognize a presumption in favor of [the defendant's] counsel of choice, . . . that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat v. United States, 486 U.S. 153, 160 (1988). "'[W]hen a trial court becomes aware of a potential conflict of interest, it is obligated to pursue the matter even if counsel does not.'" United States v. Straughter, 950 F.2d 1223, 1233 (6th Cir. 1991) (quoting United States v. Krebs, 788 F.2d 1166, 1172 (6th Cir. 1986)). Indeed, a court may conclude disqualification is necessary even if the defendant offers to waive the conflict because of its independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings. Wheat, 486 U.S. at 160.

In light of the presence of an actual conflict, the Court finds that good cause exists to grant defense counsel's motion to withdraw [**Doc. 591**], the same is **GRANTED**, and Mr. Vogel is relieved as counsel of record for the Defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Court recognizes the need for the Defendant to be continuously represented by conflict-free counsel. Attorney James Flanary was present at the hearing and agreed to accept representation of the Defendant. The Court **SUBSTITUTES** and **APPOINTS** Mr. Flanary under the Criminal Justice

2

Act (CJA), 18 U.S.C. section 3006A, as counsel of record for the Defendant.  Mr. Vogel is directed to provide Mr. Flanary with the information he needs from the Defendant's file.  The parties agreed to a new date of **March 4, 2010**, for the sentencing hearing.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3