UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LASHONDA HALL, | ) |
| | ) |
|    *Petitioner*, | ) |
| | ) |
| v. | ) Nos.: 3:07-CR-51-TAV-CCS-6 |
| | )       3:14-CV-498-TAV-CCS |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    *Respondent*. | ) |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the motion, and the motion will be **DENIED WITHOUT PREJUDICE**.

Petitioner was convicted of drug, firearm, and money laundering charges; her conviction was affirmed on direct appeal. *United States v. Martin*, 516 F. App'x 433 (6th Cir. Feb. 25, 2013). She did not submit the § 2255 motion to the Court nor did she sign it. Instead, it was mailed to the Court by one of her co-defendants, Johnnie Martin, and he signed his name to the § 2255 motion. He states that he signed the § 2255 motion in Petitioner's absence "in order to allow the instant petition to arrive on time, as the deadline is imminent." [Doc. 762, Motion, p. 14]. Presumably, Mr. Martin is referring to the one-year statute of limitation for filing a § 2255 motion.

A motion pursuant to 28 U.S.C. § 2255 is the manner by which a person in federal custody seeks habeas corpus relief in the federal court. *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). A petition for habeas corpus relief in federal court must be "signed and verified by the person for whose relief it is intended or *by someone acting in his behalf*." 28 U.S.C. § 2242 (emphasis added); *see also* Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings For The United States District Courts (§ 2255 motion must "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant"). In order to file a "next-friend" habeas application, however, a petitioner must meet three requirements:

> First, the authority of one person to apply for a writ of habeas corpus for the release of another will be recognized only when the application for the writ establishes some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would be "next- friend." Second, individuals not licensed to practice law by the state may not use the "next friend" device as an artifice for the unauthorized practice of law. The "next friend" expedient, which on occasion may be essential to the efficacy of the "Great Writ," may not be so abused as to unleash on the courts a quasi-professional group of lay writ writers who would seek to right all wrongs, both real and imagined. Third, when the application for habeas corpus filed by a would be "next friend" does not set forth an adequate reason or explanation of the necessity for resort to the "next friend" device, the court is without jurisdiction to consider the petition.

*Weber v. Garza*, 570 F.2d 511, 513-14 (5th Cir. 1978) (footnote and citations omitted); *see also Johnson v. Avery*, 382 F.2d 353, 357 (6th Cir. 1967), *rev'd on other grounds*, 393 U.S. 483 (1969) (next-friend provision in § 2242 applies when a prisoner suffers from a physical or mental handicap which prevents him from personally signing and verifying the petition).

Thus, for Mr. Martin to pursue this § 2255 motion as a next friend, he must show that Petitioner cannot litigate her own cause due to "inaccessibility, mental incompetence, or other disability" and that he is "truly dedicated to the best interests" of Petitioner. *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990). "The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998) (citation and internal quotation marks omitted).

Mr. Martin has not demonstrated that he is dedicated to Petitioner's best interests nor is there any evidence in the record that Petitioner is incompetent or otherwise incapable of pursuing her own action, or why she could not sign and verify the petition herself. In addition, the Court notes that a § 2255 petitioner is generally limited to filing only one § 2255 motion in federal court. 28 U.S.C. § 2255(h). There is nothing in the record to indicate that Petitioner gave Mr. Martin authorization to file a § 2255 motion on her behalf. It is conceivable that there are additional grounds for relief, not included in the pending motion, that Petitioner would seek to raise in a subsequent petition. It would be unfair to allow an unauthorized motion by Mr. Martin to bar Petitioner from pursuing her own § 2255 motion to vacate sentence.

Accordingly, the motion to vacate sentence pursuant to § 2255 will be **DENIED WITHOUT PREJUDICE**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the

Federal Rules of Appellate Procedure. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE