UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| LASHONDA HALL, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Nos.: 3:07-CR-51-TAV-HBG |
| | ) | 3:14-CV-607-TAV |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

# MEMORANDUM OPINION

Petitioner, LaShonda Hall ("Hall"), was tried before a jury and convicted of several counts of drug trafficking, firearms offenses, and money laundering. She was sentenced to a prison term of 548 months [Doc. 701]. On appeal, Hall's convictions and sentence were affirmed. The decision of the Court of Appeals was filed on February 25, 2013 [Doc. 729] and the mandate issued on March 21, 2013 [Doc. 733].

Before the Court now is Petitioner's *pro se* motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 771]. This motion was filed on November 17, 2014, and therefore, it is untimely. Hall later filed a "supplement" to the § 2255 Motion [Doc. 788]. The Government filed a response in opposition [Doc. 790], asserting that Petitioner's § 2255 Motion and supplement are untimely and must be denied on that basis.

While the § 2255 Motion remained pending, Hall moved to amend it to contest her guideline range in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the Armed Career Criminal Act's residual clause as unconstitutionally vague [Docs. 823, 828]. The Government responded in opposition, arguing that Hall was

ineligible for relief under *Johnson* because the Supreme Court had expressly limited its holding in that case to the Armed Career Criminal Act, and further, that *Johnson* has no bearing on the designation of drug convictions as qualifying predicates [Doc. 830].

The Supreme Court has now held that the advisory Sentencing Guidelines are not subject to vagueness challenges and that U.S.S.G. § 4B1.2's residual clause is not void for vagueness. *Beckles v. United States*, 137 S. Ct. 886 (2017). Accordingly, Petitioner's *Johnson*-based claim cannot justify relief and must be denied on the merits.

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). She "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

A one-year period of limitation applies to § 2255 motions, and that period runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1); *see Dodd v. United States*, 545 U.S. 353, 357 (2005) ("In most cases, the operative date from which the limitation period is measured [is] the date on which the judgment of conviction becomes final." (internal citation omitted)). In the present case, Petitioner's conviction became final on May 27, 2013, because she did not seek certiorari. *Clay v. United States*,

537 U.S. 522, 525 (2003). Petitioner had until May 27, 2014, to file a timely § 2255 motion, but she did not file until November 2014. Accordingly, her motion is untimely. *See* Rule 3(d), Rules Governing Section 2255 Proceedings (providing that the filing date for a pleading from an incarcerated defendant is the date the pleading was placed into the prison mail system).

The one-year statute of limitations for § 2255 motions is not a jurisdictional bar and may be tolled under limited, extraordinary circumstances. The Court agrees with the Government that the petitioner has not established any basis for equitable tolling to be granted. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Equitable tolling is "used sparingly by federal courts," and "[t]ypically . . . applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003). A petitioner bears the burden of establishing that equitable tolling applies to her case. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). To satisfy that burden, she must show "(1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010); *accord Hall v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011). The Court finds that the Petitioner has made no such showing.

In sum, the Court finds that because the claims presented in the Motion [Docs. 771, 788, 823] are untimely and therefore lack merit, Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. Moreover, the Petitioner's *Johnson*-based claim is without merit, as

explained above, and must be dismissed. A hearing is unnecessary in this case. Accordingly, the Court will **DENY** Petitioner's motion [Doc. 771] and supplements [Docs. 788, 823].

In addition, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner has failed to make a substantial showing of the denial of a constitutional right, therefore, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ORDER ACCORDINGLY**.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE