UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:07-CR-51-TAV-HBG-6 |
| LASHONDA HALL, | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's motions for a sentence reduction [Docs. 770, 829, 840]. In defendant's first *pro se* motion and corresponding supplement, defendant requests that the Court resentence her pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and Amendment 788 to the United States Sentencing Guidelines Manual ("USSG") [Docs. 770, 840]. The government has responded and defers to the Court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and section 1B1.10 of the USSG.

In defendant's second *pro se* motion, defendant requests a sentence reduction pursuant to 18 U.S.C. § 3742(e), emphasizing her efforts at post-sentence rehabilitation [Doc. 829]. The government has responded in opposition, arguing that defendant has not identified any statutory authority under which the Court could grant the relief sought [Doc. 833]. As the government notes, § 3742(e) does not provide an independent basis for review

of a final sentence. Rather, it describes the type of review conducted by an appellate court when a defendant appeals his or her sentence. Since that is not the case here, defendant's reliance on § 3742(e) is misplaced. Accordingly, the Court will deny defendant's second *pro se* motion [Doc. 829]. The Court now turns to consideration of defendant's first motion for reduced sentence pursuant to pursuant to 18 U.S.C. § 3582(c)(2) [Docs. 770, 840].

## I. Standard of Review

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines

2

that the defendant is eligible for a sentence reduction, "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition to these limits, section 1B1.10 states that a court must also consider the § 3553 factors and the danger to the public created by any reduction in a

---

[1] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. Sentencing Guidelines § 1B1.10(b)(2)(B). That is not the case here.

3

defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

## II. Factual Background

A jury convicted defendant of the following: conspiracy to distribute and possession with the intent to distribute cocaine hydrochloride, cocaine base, marijuana, and ecstasy, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One); possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) (Count Three); two counts of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (2) (Counts Two and Four); and conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h), (a)(1)(A)(i), and (a)(1)(B)(i) (Count Fifteen) [Doc. 537]. At the time of sentencing, defendant was held responsible for at least 15, but less than 50 kilograms of cocaine, 50 grams of crack cocaine, and 8.77 kilograms of marijuana, for a combined marijuana equivalent of 3212.81 kilograms. [Presentence Investigation Report ("PSR") ¶¶ 76, 82]. Given the amount of drugs for which defendant was held responsible, defendant's base offense level for the drug offenses was 34 [*Id.* ¶ 82]. After a two-level enhancement for money laundering, defendant's total offense level was 36 [*Id.* ¶ 89]. Given defendant's criminal history category of I, defendant's applicable guideline range for her drug offenses was 188 to 235 months' imprisonment [*Id.* ¶ 103]. Defendant was also subject to consecutive mandatory minimums of 60 and 300 months' imprisonment, respectively, for her §924(c) offenses [*Id.* ¶¶ 124, 126 ; Doc 701]. Thus, her combined guideline range was 548 to 595 months' imprisonment.

The Court sentenced defendant on July 20, 2011, to 548 months' imprisonment [Doc. 701], which is within the range produced by the Guidelines. According to the government, defendant is currently scheduled for release on December 31, 2047 [Doc. 848 p. 3].

**III.  Analysis**

Amendment 782 to the Guidelines, which became effective on November 1, 2014, revised the Guidelines applicable to drug-trafficking offenses by reducing by two levels the offense levels assigned to the drug quantities described in section 2D1.1. U.S. Sentencing Guidelines Manual App. C, amend. 782. Amendment 782 also makes corresponding changes to section 2D1.11. Amendment 788, which became effective on November 1, 2014, as well, identified Amendment 782 as retroactive. U.S. Sentencing Guidelines Manual App. C, amend. 788.

Applying Amendment 782, defendant's revised base offense level is 32, and affording defendant the same adjustments that defendant originally received, her new total offense level is 34. U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). A total offense level of 34 and a criminal history category of I results in an amended guideline range of 151 to 188 months' imprisonment for the drug offenses. The consecutive mandatory minimum terms imposed for the § 924(c) offenses yield a combined total guideline range of 511 to 548 months' imprisonment. Thus, defendant was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

Next, the Court must determine whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* U.S. Sentencing Guidelines Manual § 1B1.10. "[T]o satisfy the second requirement, a guidelines amendment must have had the effect of lowering the defendant's applicable guideline range." *Riley*, 726 F.3d at 758 (internal quotation marks and citations omitted). As discussed, that is the case here.

The Court will now consider the § 3553(a) factors in determining whether and to what extent the defendant's sentence may be reduced. As an initial matter, the Court determines that factors similar to the ones that applied at defendant's initial sentencing also apply at this time. Even so, in regard to these factors and in the context of the instant motion, the Court has considered the nature and circumstances of defendant's offense(s) and defendant's history and characteristics.

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care, or other correctional treatment.[2] Further, the Court has considered the kinds of sentences available and the sentencing range, the need to avoid unwarranted disparities, and the need to provide restitution to any victims. *See* 18 U.S.C. § 3553(a). And the Court has

---

[2] The Court, however, is not intending to, and is not, imposing or lengthening the defendant's sentence to enable the defendant to complete a treatment program or otherwise promote rehabilitation. *See generally Tapia v. United States*, 131 S. Ct. 2382 (2011).

considered the danger to the public as the result of any reduction in defendant's sentence, the seriousness of defendant's offenses, and the need to protect the public. *See* U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1(B)(ii).

The government informs the Court that defendant was sanctioned in July, 2013, for failing to obey an order, but has remained incident-free since that time. As the government has no other information to present in opposition to a sentence reduction under Amendment 782, it defers to the Court's discretion whether to grant a reduction in defendant's sentence, and, if so, to what extent.

Accordingly, after considering section 1B1.10 and the relevant § 3553(a) factors, the Court finds a reduction in defendant's sentence to be appropriate. In making this determination, the Court is particularly influenced by the changes in offense levels affected by Amendment 782. The Court has also taken into consideration the risk that defendant poses to public safety, the nature and circumstances of the defendant's offense(s), defendant's personal characteristics, criminal history, and post-sentencing conduct.

## IV. Conclusion

For the reasons stated herein, defendant's motion [Docs. 770, 840] is **GRANTED** and defendant's sentence is **REDUCED** to **511 months' imprisonment**. If this sentence is less than the amount of time defendant has already served, the sentence shall be reduced to a "time served" sentence. U.S. Sentencing Guidelines Manual § 1B1.10(b)(2)(C). Defendant's second *pro se* motion [Doc. 829] is **DENIED**.

7

Except as otherwise provided in this order, all provisions of the judgment dated July 20, 2011 [Doc. 701], shall remain in effect.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE